# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | WILLIAM T. HART | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 95 CR 40 | **DATE** | NOV. 8, 2001 |
| **CASE TITLE** | UNITED STATES OF AMERICA v. PAUL L. GLOVER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due _____. Reply to answer brief due _____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
　　☐ FRCP4(m)　☐ General Rule 21　☐ FRCP41(a)(1)　☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Defendant's petition for exemption from disability, declaratory judgment, and a permanent injunction [144] is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | 4 number of notices |
| | No notices required. | | |
| ✓ | Notices mailed by judge's staff. | | NOV 1 3 2001 date docketed |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | | docketing deputy initials |
| | Copy to judge/magistrate judge. | | NOV 9, 2001 date mailed notice |
| CW | courtroom deputy's initials | 01 NOV -9 PM 5: 05 | MQM mailing initials |
| | | Date/time received in central Clerk's Office | |

Document Number: 148

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
 )
 Plaintiff, )
 )
 v. ) No. 95 CR 40
 )
PAUL L. GLOVER, )
 )
 Defendant. )

## MEMORANDUM OPINION AND ORDER

Defendant Paul Glover was formerly the Vice-President and General Counsel of the Chicago Truck Drivers, Helpers and Warehouse Workers Union (Independent) ("CTDU"). Defendant was charged with a number of federal offenses involving a series of investments that he arranged to be made with money from benefit funds of the CTDU. Defendant entered into these transactions on the funds' behalf for the purpose of obtaining kickbacks for himself and others. The offense conduct occurred from 1987 through 1992. An indictment was returned in January 1995. In May 1995, defendant's first trial ended in a mistrial. In June 1995, following a second jury trial, defendant was found guilty of one count of a conspiracy in violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(d); 11 counts of soliciting and receiving kickbacks in violation of

/148

18 U.S.C. § 1954; two counts of money laundering in violation of 18 U.S.C. § 1956(a)(1)(B)(i); and four counts of tax evasion in violation of 26 U.S.C. § 7206. In November 1995, defendant began serving his sentence of incarceration. Defendant's conviction and sentence were affirmed on direct appeal. See United States v. Glover, 101 F.3d 1183 (7th Cir. 1996) ("Glover I").

A subsequent motion to vacate under 28 U.S.C. § 2255 was denied by this court and initially affirmed on appeal. See United States v. Glover, 1998 WL 611451 (N.D. Ill. Sept. 8, 1998), aff'd, Glover v. United States, 182 F.3d 921, 1999 WL 511523 (7th Cir. July 15, 1999) (unpublished order). Reversing Seventh Circuit precedent that had been followed by this court, the Supreme Court remanded the case for further proceedings regarding defendant's sentence. Glover v. United States, 531 U.S. 198 (2001). On remand, this court determined that defendant's sentence should be vacated and that he should be resentenced. See United States v. Glover, 149 F. Supp. 2d 371 (N.D. Ill. 2001). On resentencing in June 2001, defendant was sentenced to a total of 70 months' incarceration, to be followed by three years' supervised release. Defendant was also ordered to pay a $900.00 special assessment and $16,811.84 for the costs of prosecution and to forfeit $350,000.00. The sentencing order also provides: "Pursuant to Title 29, United States Code, Section 504, the defendant may not in any capacity be involved in any labor organization for a period of thirteen years after end

of imprisonment." Having already served sufficient time, defendant was immediately released from confinement. Less than a month after being released, defendant, proceeding pro se,[1] moved this court to exempt him from the § 504 prohibition to the limited extent of permitting him to act as a labor relations consultant for employers.

Section 504 requires that a person convicted of certain specified offenses be prohibited from serving in certain labor organization related positions, including labor relations consultant or adviser to an employer, see 29 U.S.C. § 504(a)(3). The prohibition period is to be for 13 years after conviction or the end of any term of incarceration, whichever is later, unless the sentencing court sets a lesser period, not to be less than three years. There is no dispute that the sentencing order in the present case prohibits defendant from presently serving as a labor relations consultant for an employer engaged in an industry affecting interstate commerce. As to defendant's situation, § 504(a) also provides that if, after the end of defendant's term of incarceration, "the sentencing judge . . ., pursuant to sentencing guidelines and policy statements under section 994(a) of Title 28, determines that such person's service in any capacity referred to in [§ 504(a)(1) through (5)] would not be contrary to the purposes of this chapter," the defendant may be

---

[1]Prior to his conviction, defendant was a licensed attorney with substantial civil litigation experience. He is not presently permitted to practice law.

permitted to serve in such capacity.[2]  Sentencing Guideline Policy Statement 5J1.1 provides:  "relief shall not be given to aid rehabilitation, but may be granted only following a clear demonstration by the convicted person that he or she has been rehabilitated since commission of the disqualifying crime and can therefore be trusted not to endanger the organization in the position for which he or she seeks relief from disability."

Defendant does not dispute that he has the burden of clearly showing that he is rehabilitated.  He contends that he satisfies this burden because (a) he acted as an employer labor relations consultant upon leaving CTDU in 1992 until convicted in 1995 and was not charged with any offenses during that time period; (b) he was a model prisoner during his incarceration; and (c) remorse for his crimes and his good work while incarcerated are evidenced by statements of his references, including fellow inmates.  Defendant contends his rehabilitation is the only issue to be considered and that the burden is somewhat less because he

---

[2]Section 504(a) also provides:  "Prior to making any such determination the court shall hold a hearing and shall give notice of such proceeding by certified mail to the Secretary of Labor and to State, county, and Federal prosecuting officials in the jurisdiction or jurisdictions in which such person was convicted."  Though not notified by certified mail, notice and an opportunity to respond has been provided to the Secretary of Labor and the United States Attorney for the Northern District of Illinois.  They do not object to the form of notice.  There is no indication that the Cook County State's Attorney or Illinois Attorney General has been notified.  The United States Attorney is directed to provide a copy of today's ruling to the appropriate official in each of those two offices.  If defendant brings a § 504 motion in the future, he must provide notice as required by § 504(a).

seeks to work for employers, not directly for any labor
organization. Following Parole Commission procedures,[3] the
government contends that the factors to consider are (a) the
character and gravity of the disqualifying offense, (b) the
nature of the position for which the exemption is requested, and
(3) the extent to which the record supports that defendant has
been rehabilitated and can be expected to act properly in the
position. The government contends that defendant's disqualifying
offenses are very serious and therefore require greater scrutiny
of the present motion and also contends that a labor relations
consultant position with an employer still can involve
interaction with labor organizations and provides substantial
opportunity for abuse. The government questions whether
rehabilitation can be shown this soon after release from prison
and disputes that defendant has shown he is rehabilitated. The
government contends that defendant's prior employment as a labor
relations consultant involved unethical and questionable conduct
and that defendant has not shown remorse for his past crimes.
The court also solicited the views of the Probation Department.
In a report dated August 22, 2001, defendant's probation officer
stated that it was too early in her supervision to make any
determination as to rehabilitation.

---

[3]If the disqualifying crime was committed prior to the
application of the Sentencing Guidelines, the petition for relief
from disability is to be processed by the United States Parole
Commission.

On the present motion, it is unnecessary to resolve the parties' dispute regarding the precise standards to be applied under § 504 because it is clear that defendant has not satisfied the minimum requirement of a clear demonstration that he is rehabilitated. Defendant places great weight on his contention that he has committed no crimes since the 1992 offenses charged in the indictment and that he worked as a labor relations consultant for three years without any misconduct.[4] He contends that this shows he was rehabilitated, or at least close to it, by the time he first began serving his present sentence and that he would not represent a danger if again permitted to work in such a position. However, during his first trial in May 1995, defendant took the stand and lied about his offense conduct. As a result, defendant's offense level for sentencing guideline purposes was increased two levels for obstruction of justice. See U.S.S.G. § 3C1.1; Glover I, 101 F.3d at 1192-93. Additionally, during the initial sentencing of 1995, defendant did not acknowledge that he had committed the charged offenses and expressed no remorse about his criminal conduct. Defendant cannot successfully contend that his conduct as of 1995 shows that he was on the road to rehabilitation.

---

[4]In his opening brief, defendant's emphasis is on not having been charged with committing any crime during this time period. Conspicuously absent from defendant's supporting affidavit is any express statement that he did not actually commit any offenses during this time period.

Moreover, in response to defendant's initiation of the present process, the Secretary of Labor conducted an investigation and interviewed a number of people. This included an interview of the owner of a labor consulting firm ("Brown") for which defendant provided services from October 1992 to November 1993 and an interview of an attorney for the CTDU funds defendant formerly managed. Glover's consulting firm was an independent contractor for Brown and worked on four projects before Brown stopped using Glover's services because of unsatisfactory performance. Brown related that Glover used unethical and prohibited tactics; retained an incompetent associate because, according to Glover, the associate knew too much about Glover's conduct at CTDU; failed to file all required reports; used confidential information of Brown to raid Brown's clients for Glover's own firm; and double billed. The funds' attorney related that, after leaving CTDU, Glover made false accusations about the funds in attempts to solicit the business of companies that had contracts or dealings with CTDU; tried to represent firms before the NLRB in defense of charges that had been filed by Glover as CTDU counsel until he was disqualified for the conflicts of interest; was mistakenly overpaid at the time of his termination and had to be sued and collection proceedings initiated before he returned the overpayment; and brought a number of suits against CTDU and the funds, including at least one after he was sentenced, all of which were lost by

Glover, but which caused CTDU and the funds to incur substantial attorney fees. In his reply, defendant does not attempt to dispute the contents of these statements, instead contending they are irrelevant to his rehabilitation. The undisputed statements, however, are not irrelevant to Glover's contention that his alleged good conduct from 1992 through 1995 is evidence of his present rehabilitation and lack of risk if permitted to be a consultant.

In light of Glover's obstruction of justice in 1995, his failure to accept responsibility at his 1995 sentencing, and the statements of Brown and the attorney, Glover has not shown that the labor consulting he performed from 1992 through 1995 is evidence that he can presently perform such work without risk of committing further crimes or improprieties.

Defendant also relies on his good conduct while incarcerated and statements from friends and fellow inmates that he expressed remorse about crimes he committed and the effects the conduct had on CTDU and its membership. Also, Glover presently admits that he committed the crimes and lied at his first trial and that he caused harm to CDTU and its membership. While the court accepts that Glover feels sorry for the harm he has caused, it cannot find that such expressions, by themselves, are sufficient to show Glover is rehabilitated such that he represents no risk if permitted to be employed as a consultant.

The present motion is premature, cf. Beardsley v. United States Department of Labor, 807 F. Supp. 1192, 1195 (W.D. Pa. 1992), and any motion seeking to shorten the period of disqualification to less than three years after defendant's release is likely to be viewed as premature. In any event, the present motion clearly makes an inadequate showing of rehabilitation.

IT IS THEREFORE ORDERED that defendant's petition for exemption from disability, declaratory judgment, and a permanent injunction [144] is denied.

ENTER:

_William T. Hart_
UNITED STATES DISTRICT JUDGE

DATED: NOVEMBER 8, 2001