# FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

AUG 1 6 2004

UNITED STATES DISTRICT COURT
JUDGE WILLIAM T. HART

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | No: 95 CR 40 |
| | ) | Hon. William T. Hart |
| PAUL L. GLOVER | ) | |

FILED LETTER DATED AUGUST 12,2004 FROM THE PROBATION OFFICER

DOCKETED

AUG 2 6 2004



# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**RICHARD L. TRACY**
**CHIEF PROBATION OFFICER**

55 E. Monroe St., Suite 1500
Chicago, IL 60603
Telephone: 312-435-5700
Fax: 312-408-5045

*PLEASE REPLY TO*
*LISLE BRANCH OFFICE*
*801 Warrenville Rd., Suite 75*
*Lisle, IL 60532*
*Phone: 630-663-1080*
*Fax: 630-663-1094*

**FILED**

AUG 1 6 2004

UNITED STATES DISTRICT COURT
JUDGE WILLIAM T. HART

August 12, 2004

The Honorable William T. Hart
Senior United States District Court Judge
219 South Dearborn St. - Room 2246
Chicago, IL 60604

95 CR 40

**DOCKETED**

AUG 2 6 2004

RE:   GLOVER, Paul
      Response to Petition for Reduction
      of Disability

Judge Hart:

I was contacted by your law clerk and asked to provide some feedback on the offender's Petition for a Reduction of Disability dated June 14, 2004.

I have had the opportunity to review the petition as well as to speak to Jane Yelvington of the Department of Labor, and to visit the website of Reality Ethics, a business run by Paul Glover. In addition, I have provided to Ms. Yelvington employment information as ordered by Your Honor on July 28, 2004.

In response to the offender's petition, Section II Facts, point nine, the offender indicates the probation officer recommended that supervised release terminate as scheduled despite the fact that the offender had failed to satisfy the financial obligations ordered by the court as special conditions of supervised release.

While it is true and accurate that the probation officer took this position, it should be noted that this is a general policy of the probation office. This recommendation by the probation officer did not constitute a belief or endorsement by the probation officer in the offender's good behavior or claims of rehabilitation. As the probation officer was not at that time aware of any violations, and the offender "appeared" to have made payments to the best of his ability, a recommendation was made which was consistent with office policy.

It should be noted that since the expiration of the term of supervised release, the probation officer has received information from Jane Yelvington which indicates the offender was engaged in inappropriate employment and that he may have falsified his income in an effort to reduce his payments while serving the term of supervised release.

155

8/16

The Honorable William T. Hart
August 12, 2004
Page 2

Pursuant to Section III. Argument, it is the position of the probation officer that the offender cannot at this time provide "a clear demonstration...that he...has been rehabilitated since the commission of the qualifying crime" as it appears that several violations occurred during the term of supervised release, of which the probation officer was unaware until after the term of supervised release was complete.

As indicated above, Jane Yelvington has provided the probation officer with information indicating that Glover and Associates, the offender's employer, earned a substantial income during the term of supervised release, however the offender reported a minimal income to the probation officer.

In his letter to Jane Yelvington on July 20, 2004 the offender stated that he has represented himself as "Principal" of Glover and Associates. The probation officer has a business card received from the offender which reflects this title, although on his monthly report forms he listed himself as either an Arbitrator Intern or Marketer. In addition, in his letter the offender acknowledged that he negotiated the terms of services with clients of the firm. Functioning as "Principal" of a business entity and negotiating the terms of services with clients are not appropriate duties for an independent contractor with no financial stake in the business. Accordingly, the probation officer believes that the offender enjoyed and had access to the substantial proceeds of the business, despite his claim that he did not.

As a result, it is believed that he willfully failed to make payments to the best of his ability. If the offender did have access to more income he should have paid more toward his court ordered obligations.

Finally, the probation officer has learned that the offender was actively seeking employment in the field of prison consulting via his firm Reality Ethics during the term of supervised release. The offender was expressly forbidden from engaging in the prison consulting business by the probation officer on July 11, 2001.

Because the offender chose to violate the conditions of supervised release and to provide false and misleading information to the probation officer in an effort to conceal his violations, it is the position of the probation officer that the offender is not rehabilitated.

The probation officer believes the offender's claims in the Affidavit of public admissions of guilt (paragraph 3) and expressions of remorse (paragraph 6) to be meaningless. The offender's guilt was established as a legal fact years ago, and as such his public announcement of his guilt is dissemination of factual information and is not equivalent to remorse.

The Honorable William T. Hart
August 12, 2004
Page 3


Finally, it is unclear to the probation officer what positive steps the offender has taken as indicated in paragraph 8 to reflect that he has been rehabilitated. During the term of supervised release the offender appeared to be compliant, however despite appearances he was not.

Unfortunately, it appears that the conviction, custody sentence, and term of supervised release have made no impact on this offender's behavior. His claim that he "will adhere to the highest standards of responsibility and ethical conduct as a labor consultant" is false. He did not meet this obligation when he committed the instant offense. He did not redeem himself when he committed perjury at trial, nor when he committed repeated violations of the conditions of supervised release. It does not seem plausible that now he will choose to be responsible and ethical.

It is the recommendation of the probation officer that the offender's petition be denied.

Sincerely,

C. Bridget Gannon
U.S. Probation Officer
Lisle Branch Office
630-663-0284